IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | Cause No. 2:13-CR-844-10 | |
| § | (Cause No. 2:16-CV-218) | |
| RICKY BAZALDUA, § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A <u>CERTIFICATE OF APPEALABILITY</u>**

Ricky Bazaldua filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 923. The government responded and moved for summary dismissal. D.E. 989. Bazaldua's motion is denied and he is also denied a certificate of appealability.

## I. BACKGROUND

Bazaldua pleaded guilty to possession with intent to distribute more than 100 grams of heroin. D.E. 600. The Court sentenced him to 100 months imprisonment. Bazaldua did not appeal. He filed the present motion on June 6, 2016.

## II. MOVANT'S CLAIMS

Bazaldua challenges the application of the Sentencing Guidelines career offender provisions based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). The government argues that *Beckles v. United States*, 137 S.Ct. 886, 892 (2017) forecloses the relief Bazaldua seeks.

1

## III.   ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. *Johnson* Claim

Bazaldua was sentenced as a career offender pursuant to § 4B1.1(b)(2).

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*. The sentencing guidelines defined crimes of violence to include "burglary of a dwelling, arson, or extortion, involves use of explosives . . . ." U.S.S.G. § 4B1.1.2(a)(2).

Bazaldua had previous convictions for burglary of a habitation in Nueces County, Texas in 2003 and delivery of cocaine in Nueces County, Texas in 1997 for which he

was sentenced to four years imprisonment.[1] As a result of those convictions, he qualified as a career offender under the sentencing guidelines. Bazaldua challenged only his burglary conviction as a predicate crime for career offender enhancement.

The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. Subsection 4B1.2(a)(2) has a residual clause identical to the one held to be void for vagueness in *Johnson*. However, *Johnson* did not change the effect of the enumerated provisions of § 924(e)(ii). "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. The enumerated provisions of the sentencing guidelines are similarly unaffected by *Johnson*. In addition, the Court in *Beckles*, 137 S.Ct. at 892,[2] held that the sentencing guidelines are not subject to a challenge for vagueness.

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. Bazaldua's challenge is without merit.

---

[1] The Court reviewed *Shepard* approved documents including the Indictment and Judgement. Bazaldua was charged with Texas burglary by entering a habitation without the effective consent of the owner with the intent to commit theft. D.E. 477, pp. 7. The language of the Indictment tracks the language in Texas Penal Code § 30.02(a)(1), which is considered generic burglary. *See United States v. Conde-Constante*, 753 F.3d 172, 176 (5th Cir. 2014).

[2] Beckles was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He qualified as a career offender under the sentencing guidelines.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bazaldua has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Bazaldua cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (D.E. 989) is **GRANTED**. Bazaldua's motion (D.E. 923, Cause No. 2:16-CV-218, D.E. 1) is **DENIED**. Additionally, Bazaldua is **DENIED** a Certificate of Appealability.

It is so ORDERED this 24th day of April, 2017.

  _____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE